UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IRENE LANDRY | * | CIVIL ACTION |
| versus | * | NO. 06-8181 |
| LAFAYETTE INSURANCE COMPANY | * | SECTION "F" |

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

### Background

The winds from Hurricane Katrina damaged Irene Landry's home in New Orleans, Louisiana. She filed claims under her homeowner's policy and the defendant paid for most of the repairs. The defendant owes a remaining balance for repairs of $6087, but disputes Landry's claim for $11,700 for additional living expenses. Landry filed a lawsuit against the defendant in state court on August 24, 2006, claiming the balance for repairs and living expenses, plus penalties allowed under Louisiana law.

The defendant removed the case to this Court on October 16, 2006, arguing that the lawsuit is properly removed because this Court has original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §§ 1369 and 1441(e)(1).

Landry now moves to remand, arguing that the MMTJA does not apply, and that the case should be remanded because the Court has no subject matter jurisdiction to hear the case.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

Additionally, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina. Unanimously, judges in this Court have agreed that it does not, in part because Hurricane Katrina is not classified by the Court as an "accident." See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No.

2

06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).

In this case, although the parties appear to be diverse, the amount-in-controversy requirement for diversity jurisdiction is not met. Therefore, this Court has no subject matter jurisdiction to hear the case.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to state court..

New Orleans, Louisiana, November 29, 2006.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE